UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: HEATHERWOOD HOLDINGS, LLC ) | Chapter 11 | |
| ) | | |
| ) | Case No. 09-00076 | |
| Debtor. ) | | |
| _____ ) | _____ | |
| ) | | |
| MIKE & CATHY WESLER, et al. ) | | |
| ) | | |
| Plaintiffs, ) | | |
| ) | | |
| vs. ) | A.P. No. 09-00121 | |
| ) | | |
| WILLIAM A. OCHSENHIRT, III, ) | | |
| JONATHAN L. KIMERLING, ) | | |
| INVERNESS HOLDINGS, LLC d/b/a ) | | |
| INVERNESS COUNTRY CLUB, and S & J ) | | |
| FAMILY, LLC, ) | | |
| ) | | |
| Defendants. ) | | |

## MEMORANDUM OPINION AND ORDER

This matter came before the Court on June 29, 2009 for a final hearing (hereinafter, the "Hearing") on the Motion to Remand to Circuit Court of Shelby County (hereinafter, the "Motion to Remand") (adv. proc. no. 7) and Motion to Abstain (adv. proc. no. 12) filed by the plaintiffs, Mike and Cathy Wesler, et al., (hereinafter, the "Plaintiffs"). Appearing at the Hearing were Lee Benton, attorney for the Plaintiffs; Steven D. Altmann, attorney for the debtor, Heatherwood Holdings, LLC (hereinafter, the "Debtor"); and Taffi Stewart, attorney for William A. Ochsenhirt, III, Jonathan L. Kimerling, Inverness Holdings, LLC d/b/a Inverness Country Club (hereinafter, "Inverness"), and S & J Family, LLC (hereinafter, collectively the "Defendants"). This Court has jurisdiction pursuant

to 28 U.S.C. §§ 1334(b), 151 and 157(a) (1994)[1] and the district court's General Order of Reference Dated July 16, 1984, As Amended July 17, 1984.[2] The Motion to Remand and the Motion to Abstain are core proceedings arising under title 11 of the United States Code as defined in 28 U.S.C. §157(b)(1) and (2)(A).[3] *Twyman v. Wedlo, Inc.*, 204 B.R. 1006, 1011 n.4 (Bankr. N.D.Ala. 1996) ("[W]hile a bankruptcy court may ultimately determine that a civil action is itself a non-core matter, the determinations of whether the removal of that action was proper, whether the bankruptcy court should abstain in the matter or whether the matter should be remanded to the state court, are themselves core matters."). In deciding whether to abstain or to remand the state court action back

---

[1] 28 U.S.C. §1334(b) provides:
[N]otwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

28 U.S.C. §151 provides:
In each judicial district, the bankruptcy judges in regular active service shall constitute a unit of the district court to be known as the bankruptcy court for that district. Each bankruptcy judge, as a judicial officer of the district court, may exercise the authority conferred under this chapter with respect to any action, suit, or proceeding and may preside alone and hold a regular or special session of the court, except as otherwise provided by law or by rule or order of the district court.

28 U.S.C. §157(a) provides:
Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for that district.

[2] The General Order of Reference Dated July 16, 1984, As Amended July 17, 1984 issued by the United States District Court for the Northern District of Alabama provides:
The general order of reference entered July 16, 1984 is hereby amended to add that there be hereby referred to the Bankruptcy Judges for this district all cases, and matters and proceedings in cases, under the Bankruptcy Act.

[3] 28 U.S.C. §157(b)(2)(A) provides:
(b)(2)Core proceedings include, but are not limited to–
(A) matters concerning the administration of the estate[.]

to the Circuit Court of Shelby County, Alabama, this Court has considered the pleadings, briefs, arguments of counsel and the law. Accordingly, this Court finds and concludes as follows.[4]

## I. FINDINGS OF FACT[5]

This adversary proceeding arises from a Complaint filed on April 9, 2009, as amended on May 15, 2009 by the Plaintiffs against the Defendants in the Circuit Court of Shelby County, Alabama (hereinafter, the "Complaint"). (Adv. Proc. No. 1, Ex. A) Prior to the filing of the Complaint, on January 6, 2009, the Debtor filed for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Alabama. A similar complaint filed against the Debtor and the Defendants was removed on January 7, 2009 to this Court from the Circuit Court of Shelby County, Alabama.[6] The plaintiff that filed the complaint in that case was HGC, Inc. (hereinafter, "HGC"), a non-profit corporation incorporated by certain members of Heatherwood Country Club (hereinafter, the "Club") (the complaint in the HGC adversary proceeding may hereinafter be referred to as the "HGC Complaint"). Upon HGC's motions to remand and abstain, this Court remanded the **non-Debtor counts** against the **non-Debtor defendants** to the state court.[7] On June 8, 2009, the Defendants in this adversary proceeding

---

[4] This Memorandum Opinion constitutes findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52, applicable to adversary proceedings in bankruptcy pursuant to Federal Rule of Bankruptcy Procedure 7052.

[5] Pursuant to Federal Rule of Evidence 201, the Court may take judicial notice of the contents of its own files. *See ITT Rayonier, Inc. v. U.S.*, 651 F.2d 343 (5th Cir. Unit B July 1981); *Florida v. Charley Toppino & Sons, Inc.*, 514 F.2d 700, 704 (5th Cir. 1975).

[6] *See* Adversary Proceeding Case No. 09-00004.

[7] This Court entered a Memorandum Opinion and Order in that adversary proceeding on June 22, 2009, and as amended on June 24, 2009. (Adv. Proc. No. 70 and Adv. Proc. No. 71).

removed the Complaint to this Court pursuant to 28 U.S.C.§§ 1334 and 1452[8] and Rule 9027 of the Federal Rules of Bankruptcy Procedure. (Adv. Proc. No. 1) Subsequently, the Plaintiffs filed the Motion to Remand and the Motion to Abstain pursuant to 28 U.S.C. §§ 1447©, 1452(b)[9] and 1334© and Rules 7021, 9013, 9014, 9027(d) and 5011 of the Federal Rules of Bankruptcy Procedure.

The facts pertinent to the Complaint and the Plaintiffs' motions in this adversary proceeding are as follows. The Debtor is a LLC whose members are defendants S & J Family, LLC (hereinafter "S & J") and William A. Ochsenhirt, III (hereinafter "Ochsenhirt"). Defendant Jonathan L. Kimerling (hereinafter "Kimerling") is a member of S & J. Defendant Inverness is also a LLC, and has the same members as the Debtor: S & J and Ochsenhirt. The Plaintiffs are homeowners within the Heatherwood residential golf community (hereinafter, "Heatherwood") and/or members of the Club. Heatherwood was established in 1984 as a residential golf community located in Shelby County, Alabama.

The main issues in the Complaint regard activities related to the Club, its golf course and other facilities. On or about July 5, 2000, HGC and the Debtor entered into an Agreement (hereinafter, the "Agreement") concerning the Debtor's care and operation of the golf course and

---

[8] 28 U.S.C. §1452(a) provides:
A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

[9] 28 U.S.C. §1452(b) provides:
(b) The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision not to remand, is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 or this title.

facilities. (Adv. Proc. No. 1, Ex. A) Prior to the execution of the Agreement, on May 26, 2000, HGC and Pine Cone Capital, Inc. (hereinafter, "Pine Cone") executed an asset purchase agreement whereby Pine Cone acquired certain assets from HGC, including the Club, and then assigned those acquired assets to the Debtor. One of the terms of the asset purchase agreement was execution of the Agreement between the Debtor and HGC. The Plaintiffs allege they are third party beneficiaries of the Agreement, and that Kimerling personally guaranteed the Debtor's obligations under the Agreement. A key provision of the Agreement is the Debtor's covenant to operate the golf course for a period of 25 years from the date of the Agreement's execution. The Debtor additionally agreed to covenants concerning the maintenance of other facilities. The Plaintiffs who are members of the Club allege in the Complaint that they entered into contracts or agreements with the Debtor concerning the services provided by the Club in exchange for the payment of dues.

The Plaintiffs filed the Complaint upon the occurrence of a series of alleged events, including: diminished home values within Heatherwood; the removal of tangible assets belonging to the Club; the threat of the Club's golf course closing and the land being developed for residential use in exchange for memberships to Inverness Country Club; decreased Club memberships; and the overall deterioration of the Club and its facilities.

The Complaint includes the following alleged counts against the Defendants: count one is for tortious interference with business relationships; count two is for conspiracy to tortiously interfere with business relationships; count three is for fraud; and count four is for suppression [of material facts concerning the Club, its assets and facilities] (hereinafter, counts one through four may be referred to as the "Claims"). In the Motion to Remand, the Plaintiffs request this Court to remand all of the Claims and the Defendants to the Circuit Court of Shelby County. In the Motion to Abstain, the Plaintiffs request the Court to abstain from hearing this adversary proceeding in its

entirety.

## II. CONCLUSIONS OF LAW

### A. Removal of the State Action

The Defendants filed a Notice of Removal on June 8, 2009 (hereinafter, the "Notice of Removal"). (Adv. Proc. No. 1). The Plaintiffs have not alleged any procedural defect in the Notice of Removal or the timeliness with which it was filed. Therefore, this Court concludes that the action was properly and timely removed to this Court. *See* Fed. R. Bankr. P. 9027(a)(3)(B).

### B. Jurisdiction of the Removed Action

BLACK'S LAW DICTIONARY defines jurisdiction as "the power of the court to decide a matter in controversy and presupposes the existence of a duly constituted court with control over the subject matter and the parties." BLACK'S LAW DICTIONARY 853 (6th ed. 1990) (citation omitted). This Court has previously found that jurisdiction "is the authority of a court to adjudicate the legal dispute before it." *A.B. Real Estate, Inc. v. Bruno's, Inc. (In re Bruno's)*, 227 B.R. 311, 320 (Bankr. N.D. Ala. 1998).

Bankruptcy courts derive their jurisdiction by a conjunctive reading of three federal statutes enacted by Congress as part of the Bankruptcy Amendments and Federal Judgeship Act of 1984 codified in 28 U.S.C. §§1334, 151, and 157.[10] Thus, determining that the action falls within the ambit of either §§1334(a) or (b) is the first step in establishing jurisdiction.

Federal district courts have original and exclusive jurisdiction of all cases under title 11. 28

---

[10] *See Burlingame v. Whilden (In re Whilden)*, 67 B.R. 40, 41-42 (Bankr. M.D. Fla. 1986); *In re Oceanquest Feeder Service, Inc.*, 56 B.R. 715, 718-719 (Bankr. D. Conn. 1986); Lawrence P. King, *Jurisdiction and Procedure Under the Bankruptcy Amendments of 1984*, 38 VAND. L. REV. 675 (1985).

U.S.C. §1334(a).[11] Additionally, federal district courts have original but not exclusive jurisdiction of "all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. §1334(b).[12] Thus, as noted in *Wood v. Wood (In re Wood)*, 825 F.2d 90 (5th Cir. 1987):

> Section 1334 lists four types of matters over which the district court has jurisdiction:
> 1. "cases under title 11",
> 2. "proceedings arising under title 11"
> 3. proceedings "arising in " a case under title 11, and
> 4. proceedings "related to" a case under title 11.

*Id.* at 92.

The first category refers merely to the bankruptcy petition itself, over which district courts (and their bankruptcy units) have original and exclusive jurisdiction. *Id.* Proceedings "arising under title 11" are those that involve a cause of action created or determined by a statutory provision of title 11. *Id.* at 96. The phrase "proceedings arising in" a case under title 11 seems to be a reference to those "administrative" matters that arise only in bankruptcy cases and would have no existence outside of bankruptcy. *Id.* at 97. "Related to" proceedings are those proceedings not falling into any of the other three categories but the outcome of which "could conceivably have any effect on the estate being administered in bankruptcy." *Id.* at 93 (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3rd Cir. 1984)). It is not necessary to distinguish between these four categories for the purpose of determining whether a particular matter falls within bankruptcy jurisdiction as these references operate conjunctively to define the scope of jurisdiction. Therefore, it is necessary only to determine

---

[11] 28 U.S.C. §1334(a) provides:
Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.

[12]*See supra* note 1.

whether a matter is at least "related to" the bankruptcy.[13]

In *Miller v. Kemira, Inc. (In re Lemco Gypsum, Inc.)*, 910 F.2d 784 (11th Cir. 1990), the Eleventh Circuit Court of Appeals adopted the standard for "related to" jurisdiction as set out in *Pacor*:

> The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy. The proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.

*Id*. at 788 (quoting *Pacor*, 743 F.2d at 994). *See also Munford v. Munford (In re Munford)*, 97 F.3d 449, 453 (11th Cir. 1996) (quoting same). Thus, under the Eleventh Circuit's broad interpretation of "related to jurisdiction", the Claims against the Defendants brought by the Plaintiffs in a civil proceeding regarding the Defendants' business conduct and any subsequent award of damages to the Plaintiffs could "conceivably have an effect on the estate being administered in bankruptcy." Therefore, this Court finds that the state court action is sufficiently "related to" the bankruptcy case so as to fall within §1334. That determination having been made, the Court must now consider whether it is proper to exercise the jurisdiction which exists over the removed case.

## C. Exercise of Jurisdiction

In determining whether it is appropriate to exercise subject matter jurisdiction, the Court must consider one of two doctrines that would cause the Court to decline to exercise the jurisdiction it holds: remand and abstention.

### 1. Remand

---

[13] As the Eleventh Circuit has noted, "[t]he 'related to' connection has been described as 'the minimum for bankruptcy jurisdiction.'" *Continental Nat'l Bank of Miami v. Sanchez (In re Toledo)*, 170 F.3d 1340, 1345 (11th Cir. 1999)(quoting E. Scott Fruehwald, *The Related to Subject Matter Jurisdiction of Bankruptcy Courts*, 44 DRAKE L. REV. 1, 7 (1995)).

Removed cases are transferred back to the state courts via remand. 28 U.S.C. §1452(b). Remand may be based upon "any equitable ground." *Id*. These equitable reasons may include those factors listed in §1334(c)(2) for mandatory abstention. *In re Warren*, 125 B.R. 128 (E.D. Pa. 1991); *Cook v. Griffin*, 102 B.R. 875 (N.D. Ga. 1989). The equitable grounds include forum non conveniens, a state court's heightened ability to deal with questions of state law, the expertise of a particular court, the duplicative or uneconomic effort of judicial resources in two forums, prejudice to involuntarily removed parties, comity considerations and the lessened possibility of inconsistent results. *See Glover v. Midland Mortgage Co. of Oklahoma*, 228 B.R. 293, 313 (N.D. Ala. 1998); *Thomasson v. AmSouth Bank*, 59 B.R. 997, 1001 (N.D. Ala. 1986); *In re Irwin*, 325 B.R. 22, 28 (Bankr. M.D. Fla. 2005); *Twyman v. Wedlo, Inc.*, 204 B.R. 1006, 1019 (Bankr. N.D. Ala. 1996); *Royal v. Daihatsu (In re Royal)*, 197 B.R. 341, 349 (Bankr. N.D. Ala. 1996). The three mandatory abstention requirements which may also be considered are: 1) the proceeding is based on a state law claim which, although related to a title 11 case, does not arise under title 11 or out of a title 11 case, 2) the proceeding could not have been commenced in federal court but for the bankruptcy and 3) the state court can timely adjudicate the cause of action. 28 U.S.C. §1334(c)(2).

Application of these factors to the case at hand weighs in favor of remanding all of the Claims against the Defendants to the Circuit Court of Shelby County, Alabama. In their Notice of Removal, the Defendants' greatest concern is that remanding the Claims will result in duplicate efforts of judicial resources. The Defendants also express concerns over inconsistent results between the state and federal forums due to the Complaint and the HGC Complaint arising from similar facts and both of the complaints alleging at least two of the same claims against the Defendants. However, subsequent to the removal of this adversary proceeding, this Court remanded all of the

claims against the Defendants in the HGC Complaint.[14] Thus the Defendants' arguments fail, because if the Court were to retain the Claims, there would indeed be a lack of judicial economy, a risk of inconsistent results and duplicative discovery.

Additionally, the Plaintiffs correctly assert in the Motion to Remand that *all* of the Claims against the Defendants are based upon state law. The state court is the appropriate forum for hearing the claims against the Defendants, and is used to hearing causes of action such as those tort theories alleged in the Complaint. This Court also notes that the Defendants could not seek this federal forum but for the Debtor's bankruptcy case, and that is a far reach, considering that the Debtor is not even a named party to the Complaint.

Comity considerations also weigh in favor of remand. Although not much had occurred in the state court when the Defendants removed the case, the state court, as set forth above, is the appropriate forum for the causes of action against the Defendants. The Plaintiffs will be able to enjoy the forum they originally chose. *See A.B. Real Estate, Inc. v. Brunos, Inc. (In re Brunos)*, 227 B.R. 311, 328 (Bankr. N.D. Ala. 1998). Furthermore, the Plaintiffs have requested a trial by jury. This Court could conduct a jury trial, but only if all parties consented.[15] Generally, the state court is more accustomed to conducting such trials, and it could be prejudicial to the Plaintiffs if the case were not allowed to proceed against the Defendants in the original state court forum. As Judge Cohen has noted, "'Demands for jury trials in non-core proceedings have been considered a sufficient ground for an equitable remand.'" *Twyman v. Wedlo*, 204 B.R. at 1020 (quoting *Drexel*

---

[14] The Court did not remand the breach of contract claim against the Debtor in the HGC adversary proceeding.

[15] 28 U.S.C. § 157(e) provides:
If the right to a jury trial applies in a proceeding that may be heard under this section by a bankruptcy judge, the bankruptcy judge may conduct the jury trial if specially designated to exercise such jurisdiction by the district court and with the express consent of all the parties.

*Burnham Lambert Group, Inc. v. Vigilant Ins. Co.*, 130 B.R. 405, 409 (S.D.N.Y. 1991)). Thus, in the interest of comity and there being a jury demand, the Shelby County Circuit Court is the appropriate forum for the Claims against the Defendants. *See Royal*, 197 B.R. at 350.

**2. Abstention**

The Plaintiffs also filed a Motion to Abstain requesting the Court to abstain from hearing this entire adversary proceeding. (Adv. Proc. No. 12) Because this Court has found that remand of the Claims against the Defendants is appropriate in this instance, it is unnecessary for the Court to enter the debate over the parameters of 28 U.S.C. § 1334(c) and the doctrine of abstention. Therefore, the Court will not discuss or rule on the alternative relief requested by the Plaintiffs.

### III. CONCLUSION

Based on these findings and conclusions, the circumstances of this proceeding indicate that the Court should grant the Plaintiffs' Motion to Remand. Remanding the Claims against the Defendants is in the best interest of the Debtor's bankruptcy case and the Plaintiffs. Therefore, the Claims against the Defendants are due to be remanded to the Circuit Court of Shelby County, Alabama. Accordingly, it is hereby

**ORDERED, ADJUDGED AND DECREED** that the Motion to Remand is **GRANTED.** The Clerk's office is directed to remand the Claims against the Defendants to the Circuit Court of Shelby County, Alabama. It is further

**ORDERED, ADJUDGED AND DECREED** that the Clerk's office is directed to remand to the Circuit Court of Shelby County, Alabama, simultaneously with the Claims against the Defendants, the Motion to Dismiss filed by the Plaintiffs in this adversary proceeding (adv. proc. no. 10).

Dated this the 16th day of July, 2009.

                                                  **/s/ Tamara O. Mitchell**
                                                  TAMARA O. MITCHELL
                                                  United States Bankruptcy Judge

TOM: ejb

xc:    Lee Benton and Amy Hazelton, Attorneys for the Plaintiff
        Charles Denaburg and Steven D. Altmann, Attorneys for the Debtor
        E. Britton Monroe and Taffi Stewart, Attorneys for the Defendants
        J. Thomas Corbett, Chief Deputy Bankruptcy Administrator